IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN



 




NO. 3-92-072-CR




HENRY LEE MISHER,



 APPELLANT


vs.





THE STATE OF TEXAS,



 APPELLEE


 



FROM THE DISTRICT COURT OF BELL COUNTY, 27TH JUDICIAL DISTRICT



NO. 39,964, HONORABLE C.W. DUNCAN, JR., JUDGE PRESIDING


 





PER CURIAM

 A jury found appellant guilty of aggravated robbery and assessed punishment,
enhanced by a previous felony conviction, at imprisonment for life and a $10,000 fine. Tex.
Penal Code Ann. § 29.03 (West Supp. 1993). In his only point of error, appellant contends the
State failed to disclose exculpatory evidence in violation of his due process rights under the United
States Constitution. U.S. Const. amend. V, VI, XIV. 

 On the night of October 3, 1990, an armed man with a stocking covering his head
and face entered a pizza restaurant in Temple and robbed Donna Stolp, the assistant manager. 
Stolp and Theresa Bishop, an employee of the restaurant who witnessed the robbery, identified
appellant as the robber. Each woman testified that the stocking did not significantly obscure
appellant's features and that she had a good opportunity to observe appellant during the robbery. 
Each also testified that she identified appellant prior to trial and that she had never identified
anyone else as being the robber.

 Appellant's defense was misidentification and alibi. Appellant's sister, Maxine
Fields, testified that appellant visited her in Houston in September 1990. On October 1, she took
him to Conroe where he boarded a bus to Albuquerque, New Mexico. Fields testified that
appellant called her on the telephone several times from Albuquerque. One of these calls was
shortly before or shortly after midnight, October 2 or 3, 1990. Fields testified that neither she
nor the telephone company had any record of these calls. Appellant's former wife, Marsha
Misher, also testified that appellant called her from Albuquerque during October 1990. She was
unsure of the dates of these calls except for one collect call on October 12, for which she had the
bill. Appellant was arrested in Lake Charles, Louisiana, on October 16, 1990.

 In his point of error, appellant complains that the State failed to inform him that
a latent palm print had been found at the scene of the robbery by investigating officers and that
this print could not be matched to appellant. The suppression of evidence favorable to the accused
violates due process where the evidence is material either to guilt or punishment. Brady v.
Maryland, 373 U.S. 83, 87 (1963). Evidence is material only if there is a reasonable probability
that, had the evidence been disclosed to the defense, the result of the proceeding would have been
different. United States v. Bagley, 473 U.S. 667, 682 (1985). A reasonable probability is a
probability sufficient to undermine confidence in the outcome of the proceeding. Id.

 At trial, Stolp and Bishop testified that appellant did not wear gloves. Stolp also
testified that the police dusted for fingerprints but did not find any. At the hearing on appellant's
motion for new trial, however, the investigating officer testified that four latent prints were found
on a metal frame around or near the door of the restaurant. Three of these latent prints were mere
smudges, but one was a clear partial palm print. Wilroy Pitrucha, the Temple police department's
fingerprint expert, testified that he examined the latent palm print and found only six points of
identification. Because he considers ten points of identification to be the minimum needed for a
valid comparison, Pitrucha determined that no meaningful comparison could be made between
appellant's palm print and the latent print. Pitrucha acknowledged that some experts consider
fewer than ten points of identification sufficient to make a negative comparison, that is, to
determine that a particular known print does not match the latent print. He also acknowledged
that Wayne Corley, a fingerprint technician with the Temple police department, compared
appellant's palm print and the latent print and concluded that the latent print was not made by
appellant.

 It is undisputed that the attorney who represented appellant at trial knew that the
police had dusted the scene of the robbery for fingerprints. Although counsel filed three written
discovery motions, in none of these motions did he specifically request any information
concerning the existence of latent prints or the results of any analysis of those prints. In his
testimony at the new trial hearing, counsel stated that the question of fingerprints came up during
conversations he had with the prosecutor and that he was told that the police found nothing but
smudges. The prosecutor disputed defense counsel's recollection, stating that he told counsel that
some latent prints had been found but that the police were unable to determine if they were made
by appellant.

 The burden of proving a Brady v. Maryland due process violation is on the
defendant, who must demonstrate that evidence was suppressed, that the evidence was favorable
to the defense, and that the evidence was material. Thomas v. State, No. 0109-91 (Tex. Crim.
App. Oct. 28, 1992). We will assume that appellant proved that the latent palm print was not
disclosed to the defense prior to trial and that the print was favorable to the defendant in that it
could be shown conclusively to be that of someone other than appellant. Appellant has failed to
demonstrate, however, that the latent palm print was material to the question of guilt or
innocence. The restaurant where the offense occurred was a public place and the palm print was
found in a spot where customers would likely place their hands. Neither witness saw the robber
touch the door frame where the print was found. Under the circumstances, the presence of
another person's palm print on the door frame does not significantly undermine the identification
of appellant as the robber or lend any appreciable weight to the defensive testimony. We are
satisfied that there is no reasonable probability that the jury would have returned a verdict of not
guilty had the latent palm print been disclosed to the defense and used to its best effect at trial. 
The latent print was obviously immaterial to the issue of punishment. The point of error is
overruled.

 The judgment of conviction is affirmed.


[Before Chief Justice Carroll, Justices Jones and Kidd]

Affirmed

Filed: January 13, 1993

[Do Not Publish]